IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK FIELDS,<br><br>        Petitioner,<br><br>v.<br><br>NEW JERSEY STATE PAROLE BOARD<br><br>        Respondent. | Civil Action<br>No. 13-7693 (AET)<br><br>**MEMORANDUM OPINION** |

RECEIVED
DEC 21 2015
AT 8:30_____ M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

    Before the Court is Petitioner Mark Fields' motion to consolidate his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, with his civil rights action filed pursuant to 42 U.S.C. § 1983, *Fields v. Plousis, et al.*, Civil Action No. 14-1139. (Docket Entry 4).

    1.    Petitioner, a state-sentenced inmate incarcerated at New Jersey State Prison, filed this application for writ of habeas corpus under 28 U.S.C. § 2254, on December 19, 2013. (Docket Entry 1).

    2.    By Order dated December 27, 2013, the Honorable Joel A. Pisano administratively terminated the petition for failure to submit the filing fee or a complete application to proceed *in forma pauperis*. (Docket Entry 2).

    3.    Petitioner submitted an amended application to proceed *in forma pauperis* on March 5, 2014. (Docket Entry 3).

4. On August 28, 2015, the Clerk's office received a letter from Petitioner captioned "Caution: (Friendly Warning)" requesting this case be consolidated with *Fields v. Plousis*, No. 14-1139. (Docket Entry 4). This matter was reassigned to this Court on September 1, 2015. (Docket Entry 5).

5. Petitioner supplemented his motion on October 26, 2015. (Docket Entry 7).

6. By Order dated December 7, 2015, this Court severed Plaintiff's habeas petition into two separate actions. (Docket Entry 10).

7. In this petition, Petitioner challenges the November 2, 2011 revocation of his mandatory period of supervision. (Docket Entry 1 at 55).

8. In his action under 42 U.S.C. § 1983, Plaintiff seeks declaratory relief and monetary damages from members of the New Jersey State Parole Board for alleged violations of constitutional rights in their decision not to grant him parole and failing to grant him a timely parole hearing. Civil No. 3:14-cv-1139 (AET), Docket Entry 1.

9. A court may consolidate cases when they involve common questions of law or fact. Fed. R. Civ. P. 42(a)(1).

10. Although both proceedings concern Petitioner's mandatory period of supervision and denial of parole, Petitioner's § 1983 claim may not continue unless and until

2

there has been a favorable outcome for Petitioner in this action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that before a § 1983 plaintiff can recover damages, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); *see also Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005)(noting § 1983 action by state prisoner "is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (extending *Heck* and *Wilkinson* to suits alleging unlawful revocation of parole because "success on the § 1983 claim would necessarily demonstrate the invalidity of the Parole Board's decision.").

11. *Heck, Wilkinson,* and *Williams* all stand for the proposition that a § 1983 complaint must be dismissed if success in the case would necessarily call into question the validity of the plaintiff's continued confinement, including confinement that is the direct result of parole revocation.

3

12. Plaintiff's § 1983 complaint is barred as success on the merits of his complaint would necessarily invalidate his continued confinement as the result of the Parole Board's decision not to release him on parole.

13. As Petitioner's § 1983 matter cannot go forward until this action has been resolved, Petitioner's request to consolidate these matters is denied.

14. An appropriate Order accompanies this Opinion.

12-18-15
Date

ANNE E. THOMPSON
U.S. District Judge