RECEIVED

MAY 26 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARK FIELDS,

    Petitioner,

v.

WARDEN OF NEW JERSEY STATE PRISON,

    Respondent.

HONORABLE ANNE E. THOMPSON

Civil Action
Nos. 13-7693 (AET)
      15-8471 (AET)

**OPINION**

APPEARANCES:

MARK FIELDS, Petitioner Pro Se
179 Armstrong Avenue
Apartment 1st Floor
Jersey City, New Jersey 07305

CHRISTOPHER C. JOSEPHSON, Esq.
Office of the New Jersey Attorney General
25 Market Street
PO Box 112
Trenton, New Jersey 08625-0112
    Attorney for Respondent Warden of New Jersey State Prison

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

    Mark Fields, a former state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the revocation of his mandatory period of supervision and subsequent denial of release on parole. On December 7, 2015, this Court severed the petition into two separate proceedings

and ordered Respondent to file an answer. Docket Entry 10.[1] As Respondent did not file an answer within the allotted time, the Court issued an order to show cause on January 26, 2016. Docket Entry 13. Respondent filed a response indicating Petitioner's sentence expired and that he had been released from state custody on January 9, 2016. Josephson Letter, Docket Entry 14.

Respondent asks the Court to dismiss the petition as moot. Petitioner objects to the request. Objection Letter, Docket Entry 18. For the reasons expressed below, this Court will dismiss the petition as moot. No certificate of appealability shall issue.

## II. BACKGROUND

At the time he filed his § 2254 petition, Petitioner was a state-sentenced inmate incarcerated at New Jersey State Prison. Petition, Docket Entry 1. By Order dated December 27, 2013, the Honorable Joel A. Pisano administratively terminated the petition for failure to submit the filing fee or a complete application to proceed *in forma pauperis*. Docket Entry 2. Petitioner submitted an amended application to proceed *in forma pauperis* on March 5, 2014. Docket Entry 3.

---

[1] As both actions arise from the same petition and the same standard for mootness applies in each action, the matters are being decided together.

The petition was reassigned to this Court on September 1, 2015. Docket Entry 5. On September 18, 2015, the Court entered an Order advising Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), as well as the consequences of filing a § 2254 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Mason* Order, Docket Entry 6. The Court ordered Petitioner to advise the Court within 45 days as to whether he wanted to have the petition ruled upon as filed, or whether he wanted to withdraw the petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations. *Id.* ¶ 5. On October 26, 2015, the Court received a letter brief and accompanying exhibits from Petitioner arguing the merits of his petition. Docket Entry 7. As Petitioner did not submit an amended petition or indicate he wanted to withdraw the petition, the Court reviewed the petition as filed.

On October 26, 2006, Petitioner was sentenced to a nine-year custodial term, subject to New Jersey's No Early Release Act ("NERA"), N.J. STAT. ANN. § 2C:43-7.2. Petition at 18. On January 9, 2011, he was released for a mandatory five-year period of supervision. *Id.* at 20; Exhibit 1, Docket Entry 7-1 at 36. He was referred to CDS counseling at the Jersey City Community Resource Center ("CRC") on May 12, 2011, after admitting to having used heroin. Exhibit 1 at 45. He continued

attending the CRC until August 3, 2011, when he was arrested on a parole board warrant for violating the terms of his supervised release, specifically for using a controlled dangerous substance.[2] Petition at 22.

The Parole Board conducted a probable cause hearing on August 19, 2011, at which time Petitioner was represented by counsel. *Id.* at 27. The Hearing Officer determined there was no supervision condition that prohibited taking prescription medication; consequentially, there was no violation of the terms of Petitioner's release. *Id.* at 80. She recommended that his term be continued. *Ibid.*

After the Adult Panel reviewed the Hearing Officer's report and recommendations, it remanded Petitioner's case for further revocation proceedings. Exhibit 2, Docket Entry 7-2 at 7. The panel specifically requested testimony "relative to the facts and circumstances surrounding [Petitioner's] arrest on August 3, 2011 . . . including, but not limited to [Petitioner's] alleged admission to heroin use prior to reporting to the District Parole Office that day." *Ibid.* The rehearing took place on

---

[2] Petitioner was taking prescribed pain killers as the result of several injuries. It was the position of the Parole Board that taking the prescribed narcotics, after Petitioner had been informed on several occasions that he should obtain a non-narcotic pain killer, was a violation of Supervision Condition 9: Refrain from the use and possession of controlled dangerous substances. Exhibit 1 at 78.

4

September 30, 2011, at which time Petitioner was again represented by counsel. The Hearing Officer determined the testifying parole officer was credible regarding Petitioner's alleged admission of use. *Id.* at 12. After concluding that further drug counseling would not be appropriate, she recommended that Petitioner's mandatory period of supervision be revoked. *Ibid.* Petitioner's attorney submitted written objections to the recommendation. *Id.* at 14-15. On November 2, 2011, the Parole Board adopted the report of the Hearing Officer and revoked Petitioner's mandatory period of supervision. *Id.* at 16.

The Parole Board established a 12-month future eligibility term ("FET") at the time of the revocation, and Petitioner was evaluated for release in February 2012. Petition at 59. Petitioner's case was reviewed by a Hearing Officer on June 1, 2012, instead of having an in-person hearing. Exhibit 2 at 40. The Hearing Officer referred the case to a Board Panel. *Ibid.* Petitioner objected to the lack of an in-person hearing and filed an administrative appeal on July 3, 2012, contending that he was supposed to have had a hearing by July 2, 2012. Petition at 63. On July 5, 2012, the Board Panel denied parole and established an 18-month FET. Exhibit 2 at 45.

Petitioner filed the instant § 2254 petition raising three grounds for relief predicated on (1) the November 2, 2011

5

revocation of his mandatory parole supervision period; (2) the failure of the Parole Board to conduct a timely hearing as of July 2, 2012; and (3) the July 5, 2012 denial of parole and imposition of an 18-month FET. The Court severed Ground One of the petition from Grounds Two and Three after reviewing the petition pursuant to 28 U.S.C. § 2254 Rules 2 and 4. A separate action was created for Grounds Two and Three, *Fields v. Warden N.J. State Prison*, No. 15-8471 (D.N.J. Dec. 7, 2015). The Court ordered Respondent to answer Petitioner's Due Process, Illegal Seizure, and Eighth Amendment claims for Ground One on December 7, 2015. Docket Entry 10. On January 11, 2016, the Court ordered Respondent to answer the same claims for Grounds Two and Three. Order to Answer, *Fields v. Warden N.J. State Prison*, No. 15-8471 (D.N.J. Jan. 11, 2016), Docket Entry 13.

The Court issued an order to show cause on January 26, 2016, as Respondent had not filed an answer to Ground One within the allotted period of time. Docket Entry 13. On February 2, 2016, Respondent filed a letter indicating Petitioner had been released on January 9, 2016, after the expiration of his sentence. Josephson Letter at 1. It therefore asked the Court to dismiss the habeas petition as moot. *Id.* The Court issued an order to show cause as to why the petition should not be dismissed, Docket Entry 16, and Petitioner submitted a response

6

on March 2, 2016, OTSC Response, Docket Entry 18. This matter is being considered on the papers. Fed. R. Civ. Pro. 78(b).

### III. DISCUSSION

Section 2254(a) provides in relevant part: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). State prisoners may use § 2254 to challenge decisions of the Parole Board. *See Hunterson v. DiSabato*, 308 F.3d 236, 244 (3d Cir. 2002).

This Court has jurisdiction over the petition regardless of Petitioner's release as it was filed while Petitioner was in state custody; however, the exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "The 'case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "'[T]hroughout the litigation,' the party seeking relief 'must

7

have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury." *Spencer*, 523 U.S. at 7; *see also Sibron v. New York*, 392 U.S. 40, 55-56 (1968) (holding there is a presumption of collateral consequence in challenges to criminal convictions.) This presumption does not apply to revocations of parole, *Spencer*, 309 F.3d at 181, or to revocations of supervised release once the sentence has expired. *See United States v. Huff*, 703 F.3d 609, 611-12 (3d Cir. 2013); *see also United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002) (citing cases).

Here, Petitioner does not challenge his underlying conviction. Instead, he challenges the 2011 revocation of his supervised release and 2012 denial of parole. As he has served his entire sentence, "some concrete and continuing injury other than the now-ended incarceration or parole — some 'collateral consequence' of the conviction — must exist if the suit is to be

8

maintained." *Spencer*, 523 U.S. at 7. Petitioner asserts his petition is not moot as he "has a legal basis for continuing his challenge as the Petitioner respectfully request[ed] to expunge the records from his State Parole Board and Department of Corrections file[s]." OTSC Response at 1 (alterations in original). He argues "[a]n entry which could reduce chances for Parole could count as a related injury[,]" and that "the voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case." *Id.* These reasons are insufficient to meet the standards for a continuing case or controversy.

Petitioner's assertion that the revocation of his supervised release "could reduce chances for Parole" was specifically rejected by the Supreme Court as a collateral consequence. The Court held that the possibility that a petitioner may one day in the future be denied the opportunity for parole is too speculative, "a possibility rather than a certainty or even a probability," to be a concreate injury as it is contingent on Petitioner's "violating the law, getting caught, and being convicted." *Spencer*, 523 U.S. at 14-15. Petitioner is "able — and indeed required by law — to prevent such a possibility from occurring." *Id.* at 15. (internal citation and quotation marks omitted).

9

Petitioner's argument that "the voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case" is inapplicable in a habeas proceeding.[3] As set forth above, the Supreme Court has held that absent a showing of collateral consequences, a habeas petition challenging parole revocation is moot once the entire sentence has been served. "The reincarceration that he incurred as a result of [the Parole Board's] action is now over, and cannot be undone." *Id.* at 8. Petitioner has not shown that he is subject to some other concrete and continuing injury by the Parole Board. His petition is therefore moot.

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

---

[3] The Court also notes that Petitioner was not voluntarily released; the State was required to release him once his sentence expired.

10

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as moot is correct.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss the Petition as moot, and no certificate of appealability shall issue. An accompanying Order will be entered.

May 26, 2016
Date

ANNE E. THOMPSON
U.S. District Judge

11